EASTERN DIS.
May, 1832.

MONTESQUIEU
vs.
HEIL.

## MONTESQUIEU ET AL. *vs.* HEIL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

In interpreting a statute the preamble must be looked to as making a part of the law or legislative will; but if it contain any expressions contradictory and irreconcilable with the enacting parts of the statute, the latter will prevail.

Although the act of 1808, for the relief of insolvent debtors, specifies the particular acts of the debtor which shall exclude him from the benefit accorded by the law, this specification of frauds does not preclude the allegation and proof of others which would fix upon him the character of a fraudulent debtor.

An insolvent debtor who became indebted to the opposing creditor by fraud and theft, will be excluded from the benefit of that law which purports to be made only for honest and unfortunate debtors.

On an allegation of fraud, made against an insolvent debtor, such allegation may be supported by evidence showing fraudulent conduct in the manner in which he contracted the debt.

On an allegation of fraud against an insolvent debtor, the record of a suit between the same parties, where damages were recovered for a theft committed by the insolvent, and where the same theft is alleged against him to deprive him of the benefit of the act, is proper evidence to go to the jury who try the allegation of fraud.

EASTERN DIS.
May, 1832.

MONTESQUIEU
ET AL.
. vs.
HEIL.

The facts are stated fully in the opinion of the court, delivered by MATHEWS, J.

The debtor, Heil, being imprisoned under a *ca sa,* issued at the instance of the opposing creditors, and remaining in jail more than two months, the plaintiff instituted the present proceedings to compel the defendant to make a surrender of his property. The suit is based on the 7th section of the act of 1808, passed "for the relief of insolvent debtors in actual custody," &c. The debtor filed a schedule of his property and debts, in conformity with the requisitions of the act, and offered to transfer and assign to his creditors all his estate, both real and personal, &c. The creditors were cited, and the heirs of *Lorzeau et al.,* represented by Mr. Seghers, their attorney, opposed the surrender of property and discharge of the debtor, by alleging fraud against him. The issue made up on this allegation was tried by a jury, who, by their verdict, declared the defendant to be a dishonest debtor. His counsel made a motion for a new trial which was overruled, and judgement being rendered in the court below in pursuance of the verdict, the debtor appealed.

To sustain their opposition to the surrender of property and discharge of the insolvent from custody, his opponents rely on the fraudulent and thieving manner in which he contracted the debt towards them ; and to support the charges of fraud and theft, they introduced in evidence the record of a suit tried in the District Court, wherein it appears that they, as plaintiffs, recovered from the present appellant thirty thousand dollars as damages on account of a theft by him committed in Paris, in stealing from their ancestor jewelry to that amount.

The questions to be decided by this court arise out of two bills of exceptions taken during the trial of the cause in the court below. The first is, to the refusal of the judge to charge the jury, as required by the counsel of the debtor. The second was taken to the admissibility of the record introduced as above stated.

The judge *a quo* was requested by the counsel for the defendant to instruct the jury that no inquiry could be made into the origin and nature of a debt which had been merged in a judgement, &c., and that the record in the suit of the *Widow and Heirs of Lorzeau* vs. *Heil* did not afford evidence of the charge of fraud. The judge refused to instruct the jury as requested; but charged them, that the said record was legal evidence of the fraud alleged in the opposition, if they believed it to be correct.

EASTERN DIS.
May, 1832.

MONTESQUIEU
ET AL.
*vs.*
HEIL.

The introduction of the record was opposed on several grounds: 1. That it contained illegal and irrelevant evidence. 2. That no testimony could be offered which was not taken in the present suit. 3. That the debt of Heil, even if contracted as alleged in the petition of said record, was merged in the judgement rendered in that suit. 4. That the debt being admitted by the debtor, no testimony could be offered to prove its existence. 5. That testimony was inadmissible which tended to show that a fraud had been committed in France. 6. That under the act of the 25th of March, 1808, no evidence could be given of a fraud except in the proceedings before the court for a discharge, or under the provisions of the 17th section of said act.

These two exceptions embrace matter so similar, that they may be well considered together.

The first question to be decided is, whether on an application made by a debtor to obtain the benefit of our insolvent laws, it be legal and proper, on an allegation of fraud against him, to inquire into the manner by which he became indebted to a creditor who makes such allegation ?

2. If such inquiry may be gone into, whether, in the present instance, the record offered, is legally admissible to prove the allegations of the opposing creditors ?

The solution of the first of these questions depends on a just interpretation of our insolvent laws, particularly of the act of 1808, according to the provisions of which, the debtor claims his discharge from imprisonment.

EASTERN DIS.
May, 1832.

MONTESQUIEU
ET AL.
vs.
HEIL.

This law, by its title, purports to be made "for the relief of insolvent debtors in actual custody." The preamble is expressed in the following terms: "Whereas humanity, as well as policy, requires that relief, in certain cases, should be afforded to the honest and unfortunate debtor, who, from losses or misfortunes in trade, may be unable to pay or satisfy the debts for which he is confined—justice equally demands that due care should be taken to prevent the fraudulent debtor from availing himself of that relief, and thereby depriving the honest and industrious part of the community of their property: Be it, therefore enacted," &c.

The application in the present case, to cause the debtor to make a surrender of his property, is made by a creditor who claims a sum above five hundred dollars, not being one of those who charged him in execution. The proceeding took place under the 7th section of the act; but is subjected to the rules relating to all insolvent debtors in actual custody, which allow any one of the creditors, at any stage of the proceedings had before the court, to allege fraud against the debtor. See § 6 of the Act.

The 17th section designates the persons who shall not be entitled to its benefits, and does not include expressly by its provisions, one situated as the appellant is represented to be by the opposition made to his release. It is, however, contended, on the maxim *expressio unius est exclusio alterius* that he ought not to be deprived of the benefit of the law in consequence of the fraud alleged not being embraced by this express enactment, and not coming within any other part of the statute except the preamble.

The object of all interpretation of laws, is to ascertain the intention of the legislator, whenever doubts may exist in their application to particular cases, arising on account of ambiguity or indistinctness in the expression of legislative will; and such interpretation is to be governed by certain rules. Reference is made by the counsel for the appellant, to the rules of interpretation adopted by writers on the common and

Eastern Dis.
May, 1832.

MONTESQUIEU
ET AL.
vs.
HEIL.

statute law of England, and such as have prevailed in the judicial tribunals of the United States. Rules of this kind, having for their sanction the opinions of men learned in jurisprudence, and depending for their soundness on general principles relating to the construction of written language used to communicate ideas, may as well be taken from the sources referred to as any other, and perhaps with more propriety in relation to the acts of our legislature, as they must be expressed in the English language.

On looking into Bacon's Abridgement, on the subject of the interpretation of statutes, we find the second rule to be, "that in the construction of one part of a statute, every other part ought to be taken into consideration." In pursuance of this rule, the preamble is considered of importance; it is stated to be the key to open the mind of the makers of the law. So, according to this author, the civilians hold the procenium of a law of high importance in its interpretation. See 6 *B. Ab.* *p.* 381. This rule, however, must not be carried so far as to restrain the general words of an enacting clause by the particular words of the preamble, &c. It is evident from this authority, that in interpreting a statute, the preamble must be looked to as making a part of the law or expression of legislative will; but if it contain any expressions contradictory and irreconcilable with the enacting parts of the statute, the latter will prevail.

The evident intention of the legislature, as ascertained by the preamble of the act of 1808, is to exclude from its benefit all fraudulent debtors. The 17th section specifies particular acts of a debtor which shall deprive him of the privileges and benefit accorded by the law. Does this specification of frauds preclude allegation and proof of others which would demonstrate the debtor to have been dishonest in the transactions by which he became indebted to any one of his creditors, and fix on the former the character of a fraudulent debtor, and, according to the preamble, one who has deprived an honest individual of the community of his property? We think not. The general expression of legislative will, in the preamble,

In interpreting a statute, the preamble must be looked to as making a part of the law, or legislative will; but if it contain any expressions contradictory and irreconcilable with the enacting parts of the statute, the latter will prevail.

Although the act of 1808 for the relief of insolvent debtors, specifies the particular acts of the debtor which

EASTERN DIS. May, 1832.

MONTESQUIEU ET AL. vs. HEIL.

shall exclude him from the benefit accorded by the law, this specification of frauds does not preclude the allegation and proof of others which would fix upon him the character of a fraudulent debtor.

An insolvent debtor who became indebted to the opposing creditor by fraud and theft, will be excluded from the benefit of that law, which purports to be made only for honest and unfortunate debtors.

ought not to be restrained by the particularity of the enacting clause; they are not inconsistent; effect may be given to both, for no absolute and positive collision exists between them; they are not contrary to each other in their provisions; therefore, the latter does not, of necessity, destroy the former. It is a maxim, that *cotemporania expositio est fortissima in lege.* The act now under consideration received a construction by the Superior Court of the territory of Orleans, in 1810, contrary to the claims of the appellant. See *Brown's case*, 1 *Martin's Rep. p.* 158. The decision in that case is entitled to some weight; but being only a single instance of interpretation, we should not feel ourselves in any manner bound by it, were we not of opinion that it is substantially correct. It is believed to be a sound rule of construction, that effect should be given to every clause of a law or a contract, if it may be done without violating the intention of the legislator, or the rational meaning of the contracting parties. In relation to the act of the legislature, the benefit of which is now claimed by the debtor, such effect can and ought to be given to both the preamble and the 17th section; and if it be shown by legal evidence, that he became indebted to the opposing creditors by fraud and theft, for the debt which is still unpaid, and for which he is imprisoned, he must be excluded from the benefit of that law, which purports to be made only for honest and unfortunate debtors.

If we bring to our aid, in the present investigation, another rule of interpretation, viz. that laws in *pari materia* should be construed together, it is believed that the cause of the appellant will not appear more favorable to his pretensions.

The act of 1817, relative to the voluntary surrender of property, &c., points out the manner in which a creditor may allege fraud against the insolvent debtor, and authorizes interrogatories to be put to the latter "on the state of his affairs, and the several transactions in which he may have been engaged anterior to his failure." § 19 *of the Act.* Now it is difficult to conceive for what purpose the debtor may be interrogated in relation to all his transactions previous

to his failure, if none of them, according to the intention of the legislature, would constitute fraud, except those done with a view to failure.

EASTERN DIS.
May, 1832.

MONTESQUIEU
ET AL.
vs.
HEIL..

The 25th section excludes certain debtors from the benefit of the law; amongst which are unfaithful depositories and those whose losses have been occasioned by gambling, &c. It would certainly produce a strange anomaly in our jurisprudence, if rules of construction should authorize greater favor in case of insolvency, to a thief, than to an unfaithful depository, or an individual who might accidentally be drawn into gambling and lose an amount sufficient to embarrass him. Unfaithfulness in relation to a deposite, is an offence less heinous than that of theft; and surely a person who becomes debtor in consequence of the latter, should not be placed on a footing more favorable than one who is indebted on account of fraud or misconduct in regard to things entrusted to his care. But, by considering both these laws together, and giving to the preamble of the act of 1808, its proper force, according to just rules of interpretation, or even considering this law separately, we avoid the absurd result which would follow from a contrary interpretation. We therefore conclude, that in an allegation of fraud made against an insolvent debtor, such allegations may be supported by evidence showing fraudulent conduct in the manner in which he contracted the debt.

On an allegation of fraud made against an insolvent debtor, such allegation may be supported by evidence showing fraudulent conduct in the manner in which he contracted the debt.

The second question relates to the introduction in evidence of the record of the suit, in which the opposing creditors, on an allegation of theft, obtained a judgement against Heil, the debtor in custody, the amount of which is not paid and satisfied, and for which he remains imprisoned on a *ca. sa.*

The admissibility of this record to prove that a verdict and judgement were rendered in favor of the plaintiffs, for thirty thousand dollars, and that the defendant in that suit is their debtor to that amount is not disputed; but it is objected to as not being legal evidence of the facts alleged in support of the fraud charged on the insolvent debtor by the appellees. The former suit was between the same parties, and is based on

the identical subject matter of dispute which exists between them in the present instance, viz. an allegation of theft against the defendant in the former action, on which they claimed remuneration for the damage by them sustained. And they now allege against him the same theft, in order to deprive him of the benefit of the act of 1808. He had an opportunity to object to the competency of witnesses adduced on the former occasion, or to interrogate such as were legally admitted, and to except to all improper evidence. Under these circumstances, the verdict found by the jury in the first case, is conclusive on the defendant in relation to the facts then put at issue, and verifies the allegations of the petition and the testimony taken in support of them, which was reduced to writing; and, consequently, the record of that suit was properly admitted to go to the jury which tried the question of fraud in the present instance. See *Starkie on Ev. pp.* 198–9.

As this evidence relates solely to a civil action, we are unable to perceive the force of the objection made to it on account of proving a fraud committed in France. It is true that one state or government will not punish crimes committed in another, by public prosecution, but it does not follow, as a necessary consequence, that an offender who flees from the state wherein he committed the crime, shall be screened against the pursuit of the individuals whom he may have injured, in the country where he has taken refuge. In relation to the civil pursuit, he must be subjected to the laws of the latter place.

It is, therefore, ordered, adjudged and decreed, that the judgement of the District Court be affirmed, with costs.

*Slidell*, for appellant. *Seghers*, for appellee.