## No. 2540.

### ADAM TATE *v.* LAFOREST & DESMARE.

Where defendants received a certain quantity of cotton, sold it, and collected the proceeds of the sale as commission merchants or factors of the plaintiff;

Held—That the debt resulting from it is a fiduciary one and exempted by the insolvent law from its operation. The money was received in trust for the plaintiff. Defendants, by converting it to their own use, rendered themselves amenable to the criminal laws of the State. It cannot, therefore, be inferred that the insolvent laws of the State intended to discharge a debtor from such a debt, even if it had not been therein expressly excepted.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Randolph, Singleton & Browne*, for plaintiff and appellee. *A. Pitot*, for defendants and appellants.

Justices concurring: Ludeling, Taliaferro, Wyly, Morgan.

LUDELING, C. J. The plaintiff sues to recover $2754 83, the net proceeds of cotton shipped by them to the defendants, as factors and commission merchants.

The defendants admit the correctness of the debt, but they claim that they have been discharged from the obligation to pay it by proceedings in insolvency.

On behalf of the plaintiff it is contended that the proceedings, as to the plaintiff, are null and void for want of citation, and that the debt was created in a fiduciary capacity, and that the insolvents were not released from such a debt.

The evidence satisfies us that Laforest & Desmare received the cotton as the commission merchants or factors of the plaintiff, and as such, sold the cotton and received the proceeds of the sale. The debt is, therefore, a fiduciary debt, and the insolvent law exempted such a debt from its operation. The defendants received the money for account of the plaintiff and held it in trust for them. By converting it to their use, they rendered themselves amenable to the criminal laws

of the State. It could not therefore be inferred, that the insolvent laws of the State intended to discharge a debtor from such a debt, even if it had not been expressly excepted in the law. The benefit of the insolvent laws is intended for the honest, but unfortunate debtor. 4 La. 55; 1 M. 159.

We think the judgment in favor of the plaintiff for the sum claimed is correct.

It is therefore ordered and adjudged, that the judgment of the lower court be affirmed with costs of appeal.